# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CR-14051-CANNON/MAYNARD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CARLOS ALEXIS TORRES,
also known as CESAR SOTO LOPEZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference.  Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.     I convened a hearing to permit the Defendant to change his plea in this criminal case on October 7, 2022.  The hearing was translated to the Defendant by the Court's Spanish language interpreter.  The Defendant indicated to me that he was able to understand what was being said to him throughout the hearing.

2.     At the hearing's outset, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case.  I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the

Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.      I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      At the outset of the hearing, the Defendant indicated to me that he has never used the name CARLOS ALEXIS TORRES as charged in the Indictment.  He indicated to me that his true name is CESAR SOTO LOPEZ.  He agreed, however, that he is the person who was previously deported under the name CARLOS ALEXIS TORRES.  The parties agreed that the Defendant's fingerprints match those of the person deported under the name CARLOS ALEXIS TORRES.  They also agreed that when previously deported under the name CARLOS ALEXIS TORRES, the Defendant signed the forms using his true name of CESAR SOTO LOPEZ.  For purposes of the hearing, I referred to the Defendant as CESAR SOTO LOPEZ since he says that is his true name.  Neither party objected to my doing so.

5.       There is no written plea agreement in this case.  Therefore, I read the Indictment to the Defendant.  The Defendant pleaded guilty to the sole count of the Indictment.  The Indictment charges the Defendant with being an alien who was previously removed from the United States on or about October 11, 2007 and August 27, 2010; who later returned to the United States knowingly and unlawfully; who was found back in the United States without the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security (6 U.S.C. §§ 202(3), 202(4) and 557) to his reapplying for admission into the United States; in violation of 8 U.S.C. § 1326(a) and (b)(2).  The Defendant stated that he understood the charge against him and wished to plead guilty to the charge.

6.     The maximum statutory penalties were announced on the record.  The Defendant acknowledged his understanding of the maximum statutory penalties that could be imposed against him in this case.  I advised the Defendant of the possibility of the Defendant's deportation after sentencing as an additional consequence of his guilty plea. The Defendant acknowledged that he and his attorney have discussed his possible deportation as a result of this offense.

7.     The Government proffered a factual basis for the plea.   The Defendant acknowledged that he understood the Government's proffer and agreed that it was true and correct, and accurately set forth the facts in his case as he understands them to be.  Having heard the Government's proffer and the Defendant's agreement to it, I find it sufficiently sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

8.     Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of the offense charged in the Indictment.

9.     The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's guilty plea be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a Sentencing Hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Pursuant to Rule 59(b)(2), Fed. R. Crim. P., the failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 13th day of October, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE