# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   22-14051-CR-CANNON/MAYNARD

**UNITED STATES OF AMERICA**

**v.**

**CARLOIS ALEXIS TORRES,**

**Defendant.**

_____/

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the motion for downward variance filed by the defendant, Carlos Alexis Torres ("Torres").  The United States respectfully submits a downward variance is not warranted, and that a sentence of 57 months' imprisonment, which is at the top of Torres' advisory guideline range, is sufficient, but not greater than necessary, to reflect the nature and circumstances and seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law, provide just punishment, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

### BACKGROUND

On August 25, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging Torres with being found in the United States after having been previously deported and removed from the United States, without the express consent of the Attorney General or the Secretary of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a)

and (b)(2).  (Doc. No. 1.)  On October 7, 2022, Torres pleaded guilty as charged.  (Doc. Nos. 15, 19, 22.)

Torres' sentencing hearing is scheduled for December 15, 2022.  According to the Presentence Investigation Report ("PSI"), Torres has a total offense level of 21 and criminal history category of III, which yields an advisory guideline range of 46 – 57 months' imprisonment. (PSI at ¶¶ 25, 27, 59.)  Torres' Base Offense Level was increased by six levels under U.S.S.G. § 2L1.2(b)(2)(C) because he was convicted of assault in the second degree with a dangerous weapon and sentenced to more than thirteen months before he was removed from the United States for the first time, and ten levels under U.S.S.G. § 2L1.2(b)(3)(A) because he was convicted of identity theft and sentenced to a term of imprisonment not to exceed five years after he was removed from the United States for the first time.   (PSI at ¶¶ 13, 14, 25-26.)

On November 21, 2022, Torres filed the instant motion, in which he seeks a downward variance.  Specifically, Torres claims his second degree assault conviction is too old and should be discounted, and that the sentence he received on his identity theft conviction should be treated as a sentence of less than two years under U.S.S.G. § 2L1.2(b)(3)(C), instead of a sentence of five years or more under U.S.S.G. § 2L1.2(b)(3)(A), because he was paroled after serving eleven months.  (Doc. No. 24.)

## ANALYSIS

The overarching goal of a sentencing court is to fashion a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  The sentencing court should begin the process by correctly calculating the applicable guideline range and must "remain cognizant of them throughout the sentencing process."  *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).  Section 1B1.1 of the Sentencing

Guidelines outlines, in express language, the order which district courts are to proceed.   First, the district court calculates the applicable guideline range.   U.S.S.G. § 1B1.1(a).   Second, the district court applies any applicable departures under Sections H and K of Chapter 5.   U.S.S.G. § 1B1.1(b).   After the first two steps are complete, "the Court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole."   U.S.S.G. § 1B1.1(c).

The Section 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocations training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established in the Guidelines;

(5) any pertinent policy statement by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims.

18 U.S.C. § 3553(a)(1)-(7).

### *Nature and Circumstances and Seriousness of the Offense*

Torres is not a natural-born or naturalized citizen, or a national of the United States.

Torres is a native and citizen of Honduras.   (PSI at ¶ 5.)

Torres unlawfully entered the United States when he was seventeen years old in 1996 or 1997.  (PSI at ¶ 37.)   On June 28, 2004, Torres was convicted of driving while intoxicated and sentenced to 90 days of jail followed by one year of probation.  (PSI at ¶ 24.)

On September 30, 2006, Torres assaulted a woman with a knife in Chippewa County, Minnesota.  Torres was ultimately convicted of assault in the second degree with a dangerous weapon under Minnesota law and sentenced to 16.5 months in prison.[1]   Torres was released from custody on his second degree assault conviction on August 29, 2007.  (PSI at ¶ 25.)   On October 11, 2007, Torres was removed from the United States and sent back to Honduras.  (PSI at ¶¶ 5, 29.)

Sometime thereafter, Torres unlawfully re-entered the United States.  On September 1, 2009, Torres used a forged Minnesota identification card and fraudulent social security card to apply for a job at a restaurant in Sioux County, Iowa.  Torres was ultimately convicted of identity theft under Iowa law and sentenced to a term of imprisonment not to exceed five years.  Torres was released from custody on his identify theft conviction on August 5, 2010, after serving approximately eleven months.  (PSI at ¶ 26.)   On August 27, 2010, Torres was again removed from the United States and sent back to Honduras.  (PSI at ¶¶ 5, 30.)

Torres once again unlawfully re-entered the United States.  On August 12, 2022, Torres was arrested in Saint Lucie County, Florida for driving without a license.  (PSI at ¶ 31.)

In summary, Torres unlawfully entered the United States on at least three occasions and proceeded to commit serious crimes, including an aggravated felony, after each unlawful entry.

---

[1] Assault in the second degree under Minnesota law qualifies as an aggravated felony under Title 8, United States Code, Section 1326(b)(2).  *See Farah v. U.S. Attorney General*, 12 F.4th 1312, 1324-25 (11th Cir. 2021).

The United States has a strong interest in securing its borders from aggravated felons, such as Torres, who persist in returning to the United States unlawfully.

The nature and circumstances and seriousness of the offense justify a sentence of 57 months' imprisonment.

### History and Characteristics of the Defendant

Torres' criminal history also merits attention as it reveals a complete disregard for the law and lack of respect for authority.   Indeed, Torres, who is not a United States citizen or lawfully permitted to be in the United States, has already amassed no less than three separate criminal convictions, including driving under the influence (2004), assault with a dangerous weapon (2007), and identity theft (2010).   (PSI at ¶¶ 24-26.)   Torres' criminal history is troubling when measured against the fact he has been removed from the United States multiple times and presumably lived outside the United States for several years during adulthood.   The fact Torres, who is now 43 years old, continues to surreptitiously enter the United States and engage in criminal activity is particularly disconcerting.   Neither Torres' criminal history category nor his Total Offense Level over-represents the seriousness of his criminal history or the likelihood that he will commit future crimes.   *See* U.S.S.G. § 4A1.3(b)(1).

Torres' Base Offense Level was also properly increased by ten levels under U.S.S.G. § 2L1.2(b)(3)(A) based on the sentence he received for his 2010 identity theft conviction.   That Torres only served approximately eleventh months of this sentence is of no moment.   *See* U.S.S.G. § 2L1.2, App. N. 3 and U.S.S.G. § 4A1.2, App. N. 2 ("[I]n the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years . . . *That is, criminal history*

5

*points are based on the sentence pronounced, not the length of time actually served*.") (emphasis added).

### The Need for the Sentence to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Specific and General Deterrence, and Protect the Public from Further Crimes of the Defendant

Torres' criminal history evinces an alarming level of recidivism and strongly suggests he will continue to unlawfully enter the United States and violate the law when not incarcerated.   To be clear, Torres was removed from the United States in October 2007 after he assaulted a woman with a knife.   Less than three years later, Torres, undeterred, unlawfully re-entered the United States and committed another felony, identity theft.   Torres was once again removed from the United States and, still undeterred, unlawfully re-entered the United States and was arrested for a driving offense.   Torres has simply failed to demonstrate any ability to live amongst society crime free, much less a right to live in the United States.   Torres' prior periods of incarceration clearly were not sufficient enough to impress upon him the need to obey the law and conform his conduct to the requirements of society.[2]   The fact Torres has not served a sentence as long as the one he now faces may well be the reason he continues to violate the law.   Granting a variance in this case would send precisely the wrong message: that immigration crimes are not serious, that the dangers associated with aggravated felons unlawfully entering the United States are overblown, and that the penalties set forth in our immigration laws needn't be strictly followed.

A significant sentence is necessary to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

---

[2] The longest sentence Torres has served to date is approximately 16.5 months.   (PSI at ¶ 25.)

***Parity in Sentencing***

Finally, Torres should expect to be treated like other similarly situated defendants.   Parity in sentencing among similarly situated federal defendants across the country is fundamental to the proper administration of justice.   This principle is embodied in Section 3553(a)(6), which "is concerned with national disparities among the many defendants with similar backgrounds convicted of similar criminal conduct."   *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007).   Generally, "national uniformity is . . . taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines."   *Id*. at 626 (internal marks and citation omitted).   Indeed, "[e]ven after *Booker* rendered the Sentencing Guidelines advisory, district courts have *in the vast majority of cases* imposed either within-Guidelines sentences or sentences that depart downward from the Guidelines on the Government's motion."   *Hughes v. United States*, 138 S.Ct. 1765, 1777 (2018) (internal marks and citation omitted; emphasis added).

A sentence of 57 months' imprisonment adequately reflects the relevant 3553(a) factors, preserves the integrity of the Sentencing Guidelines, and promotes national uniformity.

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to sentence the defendant to 57 months' imprisonment.

7

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     **/s/Michael D. Porter**
        Michael D. Porter
        Assistant United States Attorney
        Florida Bar# 0031149
        101 South U.S. Highway 1
        Suite 3100
        Fort Pierce, Florida 34950
        Telephone: (772) 293-0950
        Email:michael.porter2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney

8